■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS R. CHERRY, JR., Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered April 14, 1983, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, burglary in the first degree (two counts), robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

It was not an abuse of discretion for the trial court to deny defense counsel's motion to preclude cross-examination of defendant regarding the facts underlying defendant's prior convictions under the Uniform Code of Military Justice involving two assaults, one with intent to rape, and the other with intent to "gratify * * * sexual desires". The prior convictions involved acts of calculated violence, which demonstrated defendant's willingness to place his own self-interest ahead of the interests of society (see *People v Sandoval,* 34 NY2d 371; *People v Watson,* 57 AD2d 143, revd on other grounds 45 NY2d 867). Moreover, the prior convictions were not so remote in time as to require preclusion of cross-examination concerning them. The trial court carefully weighed the prejudicial effect of the admission of such evidence against its probative worth on the issue of credibility (see *People v Sandoval, supra*). The fact that defendant may specialize in one type of criminal activity should not shield him from impeachment with prior convictions (*People v Rahman,* 62 AD2d 968, affd 46 NY2d 882; see *People v Pavao,* 59 NY2d 282). We also note that defendant's version of events was presented to the jury through the testimony of other witnesses.

Defendant's arguments that the trial court's charge with respect to the evaluation of identification evidence and the marshaling of evidence was inadequate and that he was denied a fair trial as a result of prosecutorial misconduct have not been preserved for review, as a matter of law, since he failed to object to the charge or to the comments he now claims were improper (*People v Medina,* 53 NY2d 951; *People v Thomas,* 50 NY2d 467; *People v Dawson,* 50 NY2d 311). Nor is review in the interest of justice warranted in the circumstances of this case.

We have examined defendant's remaining contention and find it to be without merit. Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.