■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 31, 1983, convicting him of burglary in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the trial court erred when it ruled that the prosecutor could question him as to three prior convictions (*see, People v Sandoval,* 34 NY2d 371). We find no reason to disturb that decision.

Defendant had been arrested on approximately 27 occasions between 1973 and 1982. The court granted defendant's *Sandoval* motion to the extent of excluding questioning with regard to the numerous cases which had been dismissed or in which no dispositions were reported. Questioning was also prohibited with regard to various convictions during the 1974 through 1980 period for, *inter alia,* attempted robbery, attempted larceny and attempted assault. Questioning was, however, permitted with regard to two 1979 convictions for petit larceny and a 1981 conviction for attempted robbery in the second degree stemming from an incident on the subway.

The extent to which the prosecution should be permitted to impeach the credibility of a testifying defendant through use of his prior convictions and bad acts is a matter left largely to the discretion of the trial court (*see, People v Pavao,* 59 NY2d 282). In the case at bar, defendant's numerous earlier arrests and convictions were excluded, while the convictions allowed were fairly recent in time to the March 1983 trial on the present charges. Crimes involving larceny and robbery are highly probative of a defendant's willingness to advance his self-interest at the expense of others (*see, People v Sandoval, supra*). The prior crimes were not particularly similar to the one for which defendant was being held. In addition, the court's ruling did not, in fact, prevent defendant from testifying, and so did not impair the fact-finding process (*see, People v Sandoval, supra; People v Rhodes,* 96 AD2d 565). Thus, we find no error in the court's rulings.

Defendant's assertions that the court's charge and its marshaling of the evidence contained errors are unpreserved for appellate review and, in any event, lack merit. We have considered defendant's other contentions and find either that they have not been preserved for review or are without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.