THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TORRES, Appellant.

Angel Torres, the defendant, was accused by a Westchester County Grand Jury of committing the crimes of burglary in the third degree and grand larceny in the third degree. Prior to trial, the defendant moved for an order limiting the scope of the prosecutor's cross-examination concerning his prior criminal history and any other prior criminal, vicious or immoral acts allegedly committed by him (*see, People v Sandoval,* 34 NY2d 371). The court granted the motion to the extent of prohibiting the prosecutor from cross-examining the defendant about a 1974 conviction for attempted burglary in the third degree and a 1969 conviction for possession of dangerous drugs in the third degree. The court, however, permitted the prosecutor to inquire into four convictions involving larceny and possession of stolen property. The prosecutor was also permitted to cross-examine the defendant concerning five other convictions, which involved criminal trespass and attempted criminal trespass. However, the prosecutor was not permitted to identify those crimes or inquire into their underlying facts.

The defendant first contends, *inter alia,* that the denial of his motion to the extent of permitting the prosecutor to cross-examine him about nine convictions under the aforementioned circumstances was an abuse of discretion.

In *People v Sandoval* (34 NY2d 371, 377, *supra*), the Court of Appeals stated what is now familiar law: "To the extent * * * that the prior commission of a particular crime * * * or * * * acts significantly revealed a willingness or disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society, proof thereof may be relevant to suggest his readiness to do so again on the witness stand. A demonstrated determination deliberately to further self-interest at the expense of society or in derogation of the interests of others goes to

the heart of honesty and integrity" (*accord, People v Coleman,* 56 NY2d 269, 273). The *Sandoval* court added that, "[c]ommission of perjury or other crimes or acts of individual dishonesty, or untrustworthiness (e.g., offenses involving theft or fraud, bribery, or acts of deceit, cheating, breach of trust) will usually have a very material relevance, whenever committed" (*supra,* at p 377).

Based upon our review of the record, we conclude that the court's *Sandoval* ruling was not an abuse of discretion. The prior convictions involved acts of individual dishonesty or untrustworthiness, thereby demonstrating the defendant's willingness to place his own self-interest ahead of the interests of society (*see, People v Sandoval, supra*). Moreover, we perceive no error in that part of the court's ruling permitting the prosecutor to cross-examine the defendant about five convictions without inquiring into the underlying facts or identifying the crimes of which he was convicted (*People v Wood,* 94 AD2d 814). Nor do we perceive error in the fact that the court permitted the prosecutor to cross-examine the defendant about crimes similar in nature or identical to those for which he was on trial. As we recently noted in *People v Cherry* (106 AD2d 458), "[t]he fact that defendant may specialize in one type of criminal activity should not shield him from impeachment with prior convictions".

Second, the defendant contends that it was error not to admit, as a declaration against penal interest, the following statement allegedly made to defense counsel by the defendant's brother: "Mr. Kline, there is a good chance that Angel [the defendant] was not the one that did it, and I'm afraid to tell you much more than that. But he wasn't the one that did it, please take my word for it." Simply stated, this extrajudicial declaration does not criminally implicate the declarant against his penal interest (*see, People v Brown,* 26 NY2d 88; *see also,* Richardson, Evidence §§ 255, 260 [Prince, 10th ed]). This statement was therefore properly excluded.

Third, the defendant contends that the court erroneously denied his requests to adjourn his trial to secure the attendance of a certain lay witness and expert witnesses, thereby depriving him of a fair trial. The defendant's position at trial was that his physical condition was relevant to the issue of identification and that the witnesses were necessary to establish his condition.

The record reveals that at the close of the defendant's case, counsel requested an adjournment because a subpoenaed defense witness, Ms. Elsie Acquino, had failed to appear. The court granted the request, and offered to issue a warrant for Ms. Acquino's arrest. Counsel declined the offer and requested that

"a warrant be withheld until tomorrow morning. I would [*sic*] try my best to get her here." The court responded: "I won't issue a warrant tomorrow. It won't do any good. The case has to be wound up. This is the time for the warrant. All right. Continuance until tomorrow."

The next day, when Ms. Acquino again failed to appear, defense counsel requested a second adjournment and the issuance of a warrant. The court denied the requests, explaining that: "We already gave you a reasonable adjournment yesterday. We finished quite early yesterday afternoon, went over until today and I offered at that time to issue a warrant. I told you if you didn't get it then you wouldn't get another one. Your application is denied. You had your opportunity, and we would have had her picked up last night." Significantly, the testimony which the defense sought from Ms. Acquino had already been elicited from the defendant's paramour, Carmen Gonzalez, and from the defendant himself. Thus, it appears that her testimony would have been at best merely cumulative.

The defendant again requested an adjournment, this time "to obtain expert medical testimony indicating the effect of his physical condition now and how that would have translated to the date of the incident back in June of 1980". Counsel stated that he had advised his client that he "had made efforts to obtain past medical records from three separate hospitals, none of which, in [counsel's] estimation, would assist in any way in this defense". Counsel stated that he had received responses "from each of [the hospitals] and [he] advised [the defendant] that at this late stage of the trial, we would not have an opportunity to get that witness". The court denied the application, noting that "[t]here is nothing in the records that the witness can base it on, no possibility of him doing it".

The law is clear that requests for adjournments for any purpose are ordinarily addressed to the court's sound discretion. (*Matter of Anthony M.,* 63 NY2d 270, 283; *People v Spears,* 64 NY2d 698; *People v Africk,* 107 AD2d 700). On the basis of the record before us we cannot say that the court abused its discretion.

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.