■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Kreindler, J.), imposed February 5, 1986.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Also Known as ALBERTO DAVIS, Appellant.—Appeal by the defendant from a judgment and amended judgment of the Supreme Court, Queens County (Gallagher, J.), both rendered June 1, 1984, convicting him of criminal possession of a weapon in the second degree under indictment No. 3249/83, upon a jury verdict, and adjudicating him to be in violation of his probation under indictment No. 2240/82, after a hearing, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the trial court improperly denied his motion to prevent the prosecutor from cross-examining him, should he choose to testify, as to a prior conviction for the crime of attempted robbery in the third degree. Inasmuch as the prior conviction involved a situation where the defendant expressed a willingness to place his own self-interest ahead of that of society, the trial court did not abuse its

discretion in denying the motion *(see, People v Sandoval,* 34 NY2d 371, 377). Moreover, since the facts of the instant crime and of the prior crime were not similar, we find that the court's ruling did not prevent the defendant from testifying at trial *(see, People v Cuesta,* 119 AD2d 688; *People v Williams,* 108 AD2d 767).

We further find the People proved the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. The testimony of three eyewitnesses was sufficient to establish that the defendant possessed the subject revolver. The testimony of the ballistics expert demonstrated that the gun was loaded with ammunition *(cf., People v Shaffer,* 66 NY2d 663). Therefore, the People proved that the defendant knowingly possessed a loaded weapon with the intent to use it unlawfully against another *(see,* Penal Law §§ 265.03, 265.00 [15]).

Finally, there is no basis to disturb the sentence imposed. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur. *[See,* 125 Misc 2d 15.]