■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered March 31, 1986, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of March 14, 1984, Edward Mitchell was twice shot in the face and neck inside an abandoned building located across the street from 162 Cooper Street in Brooklyn. The defendant was charged with and subsequently convicted of attempted murder in the second degree, following a trial by jury. On this appeal, he contends that the judgment of conviction should be reversed because the trial court erred in its ruling on his pretrial *Sandoval* motion, and that his sentence should be modified because it is harsh and excessive. We disagree.

Contrary to the defendant's assertion, the record reveals that the Trial Judge separately considered the varied nature of the defendant's past violations and offenses, as well as the probative value of each prior criminal conviction or bad act weighed against its potential for impermissible prejudice, in determining whether the prosecutor would be permitted to conduct cross-examination of the defendant on these matters. The court properly precluded any inquiry into the defendant's three prior violations and also as to a 1979 youthful offender adjudication. The court did not abuse its discretion in permitting the prosecutor to elicit, without going into the underlying facts, that the defendant was convicted of a felony, a 1980 misdemeanor for attempted petit larceny and a 1982 misdemeanor for criminal possession of stolen property. It also properly determined that inquiry was permissible as to the underlying facts of the defendant's second youthful offender adjudication in 1979 concerning charges of possession and sale of marihuana *(see, People v Duffy,* 36 NY2d 258, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861). The permitted inquiry was relevant to the issue of the defendant's credibility and demonstrated his willingness to place his own self-interest ahead of that of society *(see, People v Torres,* 110 AD2d 794).

Further, the court sentenced the defendant within the statutory limits and there exist no extraordinary circumstances sufficient to disturb the court's exercise of discretion in this matter *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.