■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MAYS, Appellant.

We find that the court's *Sandoval* ruling was not an abuse of discretion. The prosecution was permitted to cross-examine the defendant with respect to the underlying facts of a prior crime which was similar in nature to the crimes charged. Such similarity does not, in and of itself, preclude any inquiry *(see, People v Pavao,* 59 NY2d 282, 292; *People v Torres,* 110 AD2d 794, 795). The prior incident, involving the defendant's possession of stolen property, demonstrated his willingness to place his self-interest ahead of the interests of society. Such questioning was, therefore, clearly relevant to the issue of the defendant's credibility *(see, People v Sandoval,* 34 NY2d 371, 377).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The victim observed the defendant under excellent lighting conditions prior to and during the incident which lasted from 12 to 15 minutes. The defendant was subsequently identified by the victim within six minutes of the defendant's flight from the scene of the crime. Whether the alibi witnesses' testimony was sufficient to overcome the identification testimony was primarily a question for the jury, and we see no reason to disturb its determination here.

We have examined defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.