■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY JOHNSON, Appellant.—Appeal by the defendant from (1) two judgments of the County Court, Nassau County (O'Shaughnessy, J.), both rendered October 10, 1986, convicting him of robbery in the first degree (two counts; one under indictment No. 62113 and one under indictment No. 62723), upon his pleas of guilty, and imposing sentences, and (2) an amended judgment of the same court (Santagata, J.), rendered October 14, 1986, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree (under S.C.I. No. 55050). The

appeals under indictments Nos. 62113 and 62723 bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments and the amended judgment are affirmed.

Contrary to the defendant's contentions, the hearing court properly concluded that neither the photographic arrays nor the lineup conducted was unduly suggestive (see, *People v Rodriguez*, 124 AD2d 611; *People v Rudan*, 112 AD2d 255). Moreover, even if the identification procedures were found to be improper, suppression of the complainants' in-court testimony would not be required (see, *People v Thomas*, 133 AD2d 867). At bar, the People have established by clear and convincing evidence that the complainants' in-court identifications were supported by an independent source (see, *Manson v Brathwaite*, 432 US 98). The record reveals that both complainants had ample opportunity to observe the defendant at close proximity during the commission of the robberies.

Since the basis of the violation of probation was the defendant's commission of the robberies, the amended judgment must also be affirmed. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.