THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BRANCH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 30, 1985, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), criminal solicitation in the fourth degree, petit larceny and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court's *Sandoval* ruling did not constitute an improvident exercise of discretion. After considering the probative value of the defendant's past convictions, arrests and bad acts, as well as the prejudicial effect of this evidence, the court ruled that should the defendant testify he could be cross-examined concerning only two felony and six misdemeanor convictions, including the underlying facts, as well as the two alleged "bad acts".

It is well settled that the exclusion of cross-examination concerning prior convictions is a matter largely within the discretion of the trial court *(see, People v Mackey,* 49 NY2d 274; *People v Shields,* 46 NY2d 764). In the case at bar, the court did not improvidently exercise its discretion *(see, People v Torres,* 110 AD2d 794; *see also, People v Canty,* 60 NY2d 830; *People v Sito,* 114 AD2d 1049). Moreover, the fact that several of these crimes involved larcenies, an element of charges facing the defendant at the instant trial, does not compel their suppression as a defendant who specializes in one particular type of crime is not shielded from cross-examination thereon *(see, People v Torres,* 110 AD2d 794, *supra; People v Cherry,* 106 AD2d 458). Furthermore, crimes of larceny are highly probative of a defendant's credibility, as they indicate his willingness to place his own interests above those of society *(see, People v Mays,* 140 AD2d 634; *People v Williams,* 108 AD2d 767). Accordingly, while the court's *Sandoval* ruling permitted cross-examination concerning the majority of the defendant's past convictions, we do not find this ruling to have been an improvident exercise of discretion.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.