■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DUPREE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered October 12, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the jury verdict finding him guilty of criminal sale of a controlled substance in the third degree was against the weight of the evidence. We find that the evidence adduced at the trial clearly establishes that the defendant approached an undercover police officer, asked what he was looking for, was told that the officer wished to purchase $30 worth of crack cocaine, and handed the officer three vials containing crack in exchange for $30 in bills whose serial numbers had been prerecorded. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant further argues that the Supreme Court erred in its *Sandoval* ruling by allowing the People to inquire, upon cross-examination, as to the defendant's 1976 convictions for grand larceny in the third degree and burglary in the second degree. Specifically, the defendant argues that these prior convictions were too remote in time, i.e., over 12 years old, to warrant their use on cross-examination. We disagree. In rejecting a similar argument, this court recently stated *(People v Salcedo,* 133 AD2d 129): "The trial court properly exercised its discretion in ruling that, should the defendant choose to testify, the People would be permitted to question him as to several of his prior convictions, including those for attempted robbery and arson. The fact that the defendant's conviction for attempted robbery was over 11 years old, by itself, did not mandate preclusion of cross-examination with regard to that conviction *(see, People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056; *People v Crandall,* 108 AD2d 413)." Moreover, the defendant's prior convictions for grand larceny and burglary clearly demonstrated a "willingness or disposition on the part of the * * * defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society" *(People v Sandoval,* 34 NY2d 371, 377).

We have reviewed the defendant's remaining arguments and find them to be without merit *(see, People v Agosto,* 73 NY2d 963; 1 CJI[NY] 7.03; *People v Coleman,* 70 NY2d 817, 819; *People v Muniz,* 62 AD2d 1025; *People v Suitte,* 90 AD2d 80).* Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.