■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE EDWARDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered August 27, 1986, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

A robbery occurred at a Burger King fast-food restaurant on January 14, 1985. Three of the eyewitnesses, employees of the restaurant, testified that the defendant, who was wearing a green army jacket and blue hooded sweatshirt, carried a sawed-off shotgun. A fourth eyewitness, a customer, identified the defendant as being present in the restaurant at the time of the robbery.

The defendant's contention that the photographic and lineup identification procedures required suppression of the in-court identifications by the eyewitnesses is without merit. The testimony at the *Wade* hearing indicated that the identification procedures were conducted fairly and were not unduly suggestive *(see, People v Johnson,* 146 AD2d 587, 588). We further note that the hearing court properly found that there existed an independent basis for the in-court identifications of the defendant *(see, People v Johnson, supra,* at 588). The record reveals that all four witnesses had ample opportunity to view the defendant and did observe him for a fair amount of time in fairly close proximity in a restaurant that was brightly lit.

In addition, the trial court did not improvidently exercise its discretion in rendering a compromise *Sandoval* ruling. Specifically, the trial court properly indicated that upon cross-examination of the defendant, the prosecutor would be permitted to inquire as to the fact that the defendant had been previously convicted of two felonies, without any inquiry into the underlying circumstances thereof *(see, People v Ricks,* 135 AD2d 844, 845). The fact that one of the prior convictions was about 10 years old, by itself, did not preclude cross-examination with regard to that conviction *(see, People v Dupree,* 157 AD2d 847; *People v Taylor,* 135 AD2d 848).

The defendant further argues that while the identity of the gunman was at issue, the trial court erred in permitting the prosecution to introduce evidence, through the stipulation of a witness's testimony, that about 3½ weeks after the commission of this Burger King robbery, the defendant was observed again wearing a green army jacket and blue hooded sweatshirt. At that time the defendant was carrying a sawed-off shotgun, which was identified by a witness as looking like the weapon used in this Burger King robbery. Since the identity of the gunman had not been conclusively established, proof that the defendant was in possession of the sawed-off shotgun and wearing similar clothes a few weeks after he had allegedly committed the robbery charged herein was relevant and thus admissible on the issue of the defendant's identity *(see,*

*People v Molineux,* 168 NY 264, 293-294, 313-318; *see also, People v Condon,* 26 NY2d 139, 142, 144). Further, the trial court properly restricted this evidence so that it was not disclosed to the jury that this subsequent observation of the defendant occurred during the commission of another robbery *(cf., People v Condon, supra,* at 142-143). Moreover, the defendant's contention, raised for the first time on appeal, that the trial court should have given limiting instructions to the jurors on their consideration of the stipulation is not preserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to address it in the exercise of our interest of justice jurisdiction.

Finally, we find no basis for appellate modification of the direction that the imposed sentence is to run consecutively to a sentence the defendant was already serving at the time this judgment was rendered *(see,* Penal Law § 70.25 [1]; *see also, People v Rivera,* 131 AD2d 892). Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.