■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARVIS MORGAN, Also Known as DARIUS MORGAN, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered September 7, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not denied a fair trial by the court's revised *Sandoval* ruling after he had opened the door to further cross-examination with evidence of several of his past convictions. At the beginning of the trial, pursuant to *People v Sandoval* (34 NY2d 371), the court ruled that the prosecutor would be permitted to cross-examine the defendant, should he testify, regarding only one of his numerous prior convictions, to wit, a robbery conviction in 1975. The court warned the defense counsel, however, not to do anything to suggest that this was the defendant's only conviction as this would open the door to further inquiry into his other convictions. Despite this explicit warning, the defense counsel elicited from the defendant testimony which indeed suggested that that robbery conviction was the defendant's only prior conviction, and that that robbery was committed when the 33-year-old defendant was but 19 years old *(see, People v Woods,* 165 AD2d 798). This testimony was misleading, as the jury could have incorrectly inferred therefrom that the defendant had committed but one aberrational criminal act during his lifetime. Having thus opened the door through this misleading testimony, the prosecutor was appropriately permitted to inquire regarding other past convictions to the extent that they were probative of the defendant's credibility *(see, People v Garcia,* 160 AD2d 258).

Even after the door was opened, the court still exercised its discretion to minimize the prejudice to the defendant. Of the defendant's numerous past convictions, the prosecutor was permitted to inquire into only five before he was cut off by the court. Thus, the defendant was not questioned about an excessive and unduly prejudicial number of past convictions *(compare, People v Bowles,* 132 AD2d 465; *see, People v Canty,* 60 NY2d 830; *People v Branch,* 155 AD2d 475; *People v Torres,* 110 AD2d 794). Moreover, three of the past convictions were for narcotics possession and hence, bore no similarity to the instant charge *(see, People v Williams,* 108 AD2d 767) while only one (which was ultimately stricken by the court) involved the possession of a weapon. The similarity of prior crimes to the crime for which the defendant is on trial does not, however, render the defendant automatically shielded from cross-examination thereon *(see, People v Branch, supra; People v Cherry,* 106 AD2d 458). Several of the defendant's past convictions were not brought out at trial and those which were demonstrated his willingness to place his own interests above those of society *(see, People v Duffy,* 36 NY2d 258, *cert denied*

423 US 861). As this evidence was relevant to the jury's assessment of the defendant's credibility *(see, People v Mays, 140 AD2d 634)* and was more probative *(see, People v Williams, supra)*, than prejudicial, its admission was not improper and did not deprive the defendant of a fair trial. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.