■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE ADAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 19, 1989 convicting him of burglary in the first degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court's *Sandoval* ruling did not constitute an improvident exercise of discretion, nor did it deprive the defendant of a fair trial. After considering the probative value of the defendant's eight prior arrests and five theft-related convictions, as well as the prejudicial effect of this evidence, the court ruled that should the defendant testify, he could be cross-examined concerning only two prior convictions, including the underlying facts.

It is well settled that the exclusion of cross-examination concerning prior convictions is a matter largely within the discretion of the trial court *(see, People v Sandoval,* 34 NY2d

371; *People v Mackey,* 49 NY2d 274). In this case, the court did not improvidently exercise its discretion *(see, People v Branch,* 155 AD2d 475; *People v Torres,* 110 AD2d 794). Moreover, that the prior crimes, which were both theft-related, may be similar to the crime charged herein did not compel their exclusion *(see, People v Torres, supra).* The commission of crimes involving dishonesty are highly relevant to a defendant's credibility *(see, People v Sandoval, supra).* Further, that the defendant may specialize in one area of criminal activity will not automatically shield him from cross-examination as to those prior convictions *(see, People v Rahman,* 46 NY2d 882; *People v Monahan,* 114 AD2d 380).

Finally, in light of the defendant's extensive criminal history, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.