■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEASAR ALEXANDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 26, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at the trial was legally insufficient to establish his guilt of criminal sale of a controlled substance in the third degree in that the People failed to establish the requisite intent to sell a narcotic

drug. The record shows that two police officers were driving an unmarked car very slowly through a parking lot in the vicinity of 14 Roxbury Street, Staten Island, when the defendant walked to the car and asked, "What are you looking for? Are you looking for something? * * * I have one nickel (indicating a five dollar vial of crack [cocaine]) left". The defendant said "Well, it's good. Look at it", took a vial of crack out of his pants pocket and handed it to one of the officers. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that the trial court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), which permitted cross-examination into the underlying facts of his conviction for grand larceny in the third degree and attempted robbery in the first degree, deprived him of a fair trial. We disagree. It is well settled that the extent to which the prosecution may be allowed to use prior convictions to impeach a defendant's credibility is a matter of discretion generally resting with the trial court *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval, supra; People v Scott,* 118 AD2d 881). In this case, the court did not improvidently exercise its discretion *(see, People v Branch,* 155 AD2d 475; *People v Torres,* 110 AD2d 794). Grand larceny and attempted robbery are not so similar to the crime for which the defendant was convicted that inquiry with respect to those crimes unduly prejudiced him *(see, People v Sandoval, supra).* Moreover, the fact that his prior convictions were 9 and 10 years old did not render them so remote in time that they had no bearing on his credibility at the trial *(see, People v Edwards,* 159 AD2d 583; *People v Ricks,* 135 AD2d 844; *People v Salcedo,* 133 AD2d 129; *People v Scott, supra).*

The defendant, in failing to controvert the constitutionality of his prior felony conviction at the time of sentencing, has waived his present claim that his predicate felony conviction was unconstitutionally obtained *(see, People v Oliver,* 63 NY2d 973; *People v Andre,* 132 AD2d 560; *People v Ubiles,* 130 AD2d 788; *People v Banks,* 117 AD2d 611). In any event, the defendant was properly sentenced as a second felony offender *(see, People v Harris,* 61 NY2d 9, 17).

Finally, the defendant's sentence was not excessive *(see,*

*People v Suitte,* 90 AD2d 80, 85). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.