■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL LEE MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered November 16, 1988, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the seventh degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his sales of crack cocaine to undercover police officers on September 18 and 25, 1987. On appeal, the defendant argues that the People failed to disprove his agency defense beyond a reasonable doubt. Considering the pertinent factors *(see, People v Gonzalez,* 66 AD2d 828; *People v Cruz,* 161 AD2d 659), and viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We note that the agency defense is not available with respect to the possession counts, as the defense negates the element of the "sale" only *(see, People v Sierra,* 45 NY2d 56). Furthermore, the undercover officers, who were unacquainted with the defendant, gave testimony which was descriptive of the defendant's salesmanlike behavior and independent desire to promote the transaction. The defendant initiated both transactions, and on September 18, although in possession of an insufficient quantity, he was able to readily procure more nearby. Thus, the jury could reasonably conclude that the defendant was more than a mere extension of the buyers *(see, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL

470.15 [5]). Any conflicts between the testimony of the officers and the defense witnesses simply presented a question of credibility, which was primarily for the jury, which saw and heard the witnesses, to resolve (see, People v Resnick, 133 AD2d 237).

The defendant also challenges the County Court's compromise Sandoval ruling, whereby the prosecution was permitted to cross-examine the defendant as to the dates of four prior arrests and convictions as well as whether the convictions were for a misdemeanor or a felony. However, the court precluded inquiry into the underlying charges or facts involved. We find that under the circumstances of this case, this was a proper exercise of discretion (see, People v Sandoval, 34 NY2d 371; People v Pavao, 59 NY2d 282; People v Edwards, 159 AD2d 583; People v Ricks, 135 AD2d 844). Additionally, the fact that the defendant's felony convictions were seven and eight years old respectively, did not render them so remote in time so as to preclude their use on cross examination (see, People v Alexander, 176 AD2d 947; People v Cajigas, 168 AD2d 628; People v Dupree, 157 AD2d 847; People v Salcedo, 133 AD2d 129). Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.