◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered June 8, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in its *Sandoval* ruling by allowing the People to inquire as to the defendant's 1978 robbery conviction. We disagree. Inquiry concerning the defendant's numerous other convictions was prohibited. Furthermore, the prior robbery conviction was not similar to the charge upon which he was being tried. Crimes involving robbery are highly probative of a defendant's willingness to advance his self-interest at the expense of others *(People v Sandoval,* 34 NY2d 371; *People v Williams,* 108 AD2d 767). The fact that the prior robbery occurred nearly 10 years before the trial did not mandate preclusion of cross-examination with regard to that conviction *(People v Dupree,* 157 AD2d 847).

We also find that an *in camera* review of the prosecutor's file for *Brady* material *(Brady v Maryland,* 373 US 83) was not warranted under the circumstances of this case. Since there

was no factual basis for arguing that the prosecutor had improperly denied the existence of exculpatory statements in the file, the trial court was justified in relying upon the prosecutor's representation that no such statements existed *(People v Poole,* 48 NY2d 144, 149; *People v Consolazio,* 40 NY2d 446, 453, *cert denied* 433 US 914).

The defendant also contends that his guilt was not proven beyond a reasonable doubt because the testimony of the police witness who observed the transaction was not credible, and because another witness offered exculpatory testimony. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.