■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BURTON, JR., Appellant. [595 NYS2d 512] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 4, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony presented at the pretrial hearing supported the hearing court's conclusion that the defendant, no stranger to the criminal justice system, was advised of his right to the

assistance of counsel during the course of police questioning *(see, People v Hutchinson,* 59 NY2d 923; *People v Betancourt,* 153 AD2d 750; *People v Sirno,* 151 AD2d 621, *affd* 76 NY2d 967). It is further clear that the defendant implicitly waived his right to have an attorney present by having promptly and willingly responded to the officer's questions *(see, People v Sirno,* 76 NY2d 967, 968, *supra).*

The mere fact that the defendant's prior convictions, which the People were permitted to inquire into pursuant to the court's *Sandoval* ruling, all involved violence did not compel their suppression *(see, People v Morgan,* 171 AD2d 698; *People v Branch,* 155 AD2d 475).

The defendant's assertion that the prosecutor improperly revoked his consent to the plea bargain based upon the defendant's allocution testimony has not been preserved for appellate review. In any event, a prosecutor may not be held to any aspect of a plea bargain to which he has not, in fact, given his consent *(see, People v Perez,* 156 AD2d 7, 11; *see also, People v Antonio,* 176 AD2d 528; *Matter of Gribetz v Edelstein,* 66 AD2d 788).

Although the People were improperly permitted to bolster the testimony of two witnesses by the introduction of their Grand Jury testimony *(see, People v Davis,* 44 NY2d 269, 277), under the facts of this case there is no significant probability that but for this error, the verdict would have been different *(see, People v Crimmins,* 36 NY2d 230, 242).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.