■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL OVERTON, Appellant. [596 NYS2d 155] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered December 12, 1990, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was observed by police selling what appeared to be crack cocaine to several passers-by. The defendant was arrested after he dropped a plastic bag containing 11 vials of crack cocaine and attempted to leave the area.

The defendant argues that the court erred in rendering its *Sandoval* ruling. However, a *Sandoval* ruling is addressed to the sound discretion of the hearing court and is reviewed only for an improvident exercise thereof *(see, People v Pavao,* 59 NY2d 282; *People v Mackey,* 49 NY2d 274; *People v Sandoval,* 34 NY2d 371). We find none here. A review of the record reveals that the court correctly weighed the competing factors when it allowed only one of the defendant's nine prior convictions to be inquired into during cross-examination *(see, People v Pavao, supra; People v Williams,* 56 NY2d 236; *People v Sandoval, supra).* Further, the mere similarity between the prior conviction and the crime charged was insufficient to preclude its use on cross-examination *(see, People v Rahman,* 46 NY2d 882; *People v Adams,* 174 AD2d 626; *People v Mannery,* 151 AD2d 697).

Similarly, we find no merit to the defendant's assertion that the identification testimony of an undercover police officer should have been precluded due to the People's failure to serve a CPL 710.30 notice that it would be used against him in court. The undercover officer's identification of the defendant immediately after his arrest was merely confirmatory and, therefore, not subject to CPL 710.30 *(see, People v Rodriguez,* 79 NY2d 445; *People v Roberts,* 79 NY2d 964; *People v Newball,* 76 NY2d 587; *People v Wharton,* 74 NY2d 921). Similarly, the undercover officer's viewing of the defendant later that evening at the police station was mere happenstance and not the result of a prearranged police identification procedure. Therefore, it was not subject to CPL 710.30 *(see, People v Gissendanner,* 48 NY2d 543; *People v Ravenell,* 179 AD2d 788).

We have examined the defendant's remaining contention and find it to be without merit. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.