■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Also Known as ROBERT SMITH, Appellant. [602 NYS2d 916] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 7, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SMITH, Appellant. [602 NYS2d 915] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered July 5, 1989, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:30 A.M. on April 4, 1988, a brawl broke out between two groups of youths on the northbound F train in Brooklyn, during which the defendant shot and killed Frank Lovett. Of the eight youths who testified that they had been on the train at the time Lovett was killed, two testified that, after an initial flurry of shots that broke up the fight, the defendant stood over Lovett, who was laying on the floor, and fired a bullet into his head. One of the defendant's friends testified that the defendant took Lovett's black leather trench coat and then fired a single shot, although the witness did not see where the shot was directed. Another witness heard the defendant say "Take it off" to Lovett before taking the coat. These and other witnesses either saw the defendant in possession of the coat, or saw that it had been removed from the victim's body. Two of the witnesses were also shot and wounded by the defendant, who fired several shots in the initial barrage. The defendant testified that he stood and took out his gun when his friend, who was being robbed by the opposing group, called to him for help, and that when he stood, the opposing group let his friend go and walked toward him armed with "box-cutter" razors. He then began firing.

We find no merit to the defendant's contention that the evidence was legally insufficient to convict him of intentional murder, felony murder, and robbery. Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.