■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HAMILTON, Appellant. [605 NYS2d 350] —Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Silverman, J.), rendered February 24, 1992, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, under Indictment No. 91-00706-01, after a nonjury trial, and (2) a judgment of the same court, also rendered February 24, 1992, convicting him of burglary in the second degree (2 counts), grand larceny in the fourth degree (4 counts), petit larceny (4 counts), and criminal mischief in the fourth degree, under Indictment No. 91-01699-01, after a nonjury trial, and imposing sentences. The appeal under Indictment No. 91-00706-01 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

The defendant contends that his statement should have been suppressed since he failed to voluntarily waive his rights immediately prior to making that statement, and because the arresting officer, being short of breath after chasing the defendant on foot, could not properly administer the *Miranda* rights. Contrary to the defendant's contention, a review of the

totality of the circumstances reveals that his statement was voluntarily obtained *(see, People v Anderson,* 42 NY2d 35, 38).

The question of a waiver of *Miranda* rights is not one of form, but of whether the defendant knowingly and voluntarily waived his rights *(see, People v Wright,* 140 AD2d 656, 658; *see also, People v Crosby,* 91 AD2d 20, 29). Further, there is no requirement that the warnings be given every single time a suspect in custody is subjected to separate questioning within a short time interval *(see, People v Crosby, supra,* at 29). There is uncontroverted evidence that even though the arresting officer was out of breath when he read the *Miranda* warnings, the defendant specifically indicated that he understood what had been read to him *(see, People v Sirno,* 76 NY2d 967; *see also, People v Burton,* 191 AD2d 703; *People v Leftwich,* 134 AD2d 371). Moreover, since there was a short interval of approximately 10 minutes between the administration of the warnings and the defendant's unhesitating statement in response to a single question asked by the arresting officer's partner, we find that the defendant was fully informed of his rights and made a voluntary and knowing waiver of those rights.

The defendant's remaining contentions are unpreserved for appellate review or without merit *(see, People v Stahl,* 53 NY2d 1048; *People v Udzinski,* 146 AD2d 245). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

