■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY LASHLEY, Appellant. [635 NYS2d 94] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 4, 1993, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improvidently exercised its discretion in its Sandoval ruling. He argues that the court failed to give adequate weight to the prejudicial effect of allowing the prosecution to inquire into his prior convictions (*see, People v Walker*, 83 NY2d 455; *People v Sandoval*, 34 NY2d 371). We disagree.

The defendant is not shielded from cross-examination merely because he specializes in one particular form of criminal conduct (*see, People v Pavao*, 59 NY2d 282, 292; *People v Thomas*, 198 AD2d 531, 532; *People v Smith*, 197 AD2d 717; *People v Jay*, 187 AD2d 454, 455). The trial court properly exercised its discretion in precluding inquiry into the defendant's convictions related to assault and other non-theft related crimes.

The defendant also argues that the prosecutor's cross-examination of his alibi witnesses as to their pre-trial silence

was reversible error. This argument is unpreserved for appellate review (*see*, CPL 470.05 [2]). In any event, the defendant's contention is without merit as the prosecutor may inquire of alibi witnesses with respect to their failure to come forward with exculpatory information once a foundation is laid as was done in this case (*see, People v Dawson*, 50 NY2d 311).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.