■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DANIELS, Appellant. [659 NYS2d 67] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 28, 1995, convicting him of murder in the second degree, robbery in the first degree, and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court failed to balance the probative value and prejudicial effect of allowing inquiry, should he testify, into almost half of his prior convictions. We disagree. The Supreme Court struck a proper balance (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Sandoval*, 34 NY2d 371) in allowing inquiry, but not as to the underlying facts, into the prior offenses which were not similar to the crimes at trial and which tended to show, if the defendant testified, his lack of veracity and disregard for the interests of society (*see, People v Pavao*, 59 NY2d 282, 292; *People v Smith*, 197 AD2d 717; *People v Jay*, 187 AD2d 454, 455).

Also unavailing is the defendant's contention that the consecutive sentences imposed were unlawful (*see, People v Ramirez*, 89 NY2d 444). "Consecutive sentencing is permissible when the defendant's acts are 'distinguishable by culpable mental state, nature and manner of use, time, place and victim' " (*People v Ramirez*, at 454, quoting *People v Brown*, 80 NY2d 361, 365). Here, the defendant's act of displaying a gun and demanding money from three occupants in a parked truck, causing them to surrender their money, is separate and distinct from the defendant's subsequent act of ordering one of the three occupants out of the truck and then shooting him several times, killing him. Under these facts, the imposition of consecutive sentences was proper (*see, People v Ramirez, supra*) and not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and we decline to review it in the exercise of

our interest of justice jurisdiction in light of the overwhelming evidence of the defendant's guilt (*see, People v Thwaites*, 162 AD2d 743). Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.