■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PENSEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered April 8, 1985, convicting him of murder in the second degree, attempted robbery in the first degree (three counts), criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions on counts eight and nine of the indictment charging the defendant with criminal use of a firearm in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of attempted robbery in the first degree (three counts), murder in the second degree (felony murder), and criminal possession of a weapon in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to these crimes was not against the weight of the evidence *(see,* CPL 470.15 [5]). Additionally, there being legally sufficient evidence at trial to support the conviction on these charges, appellate review of the court's order denying dismissal of the indictment on the ground of the insufficiency of the evidence before the Grand Jury is now foreclosed *(see,* CPL 210.30 [6]; *People v Shapiro,* 117 AD2d 688, *lv denied* 67 NY2d 950).

However, as conceded by the People, counts eight and nine of the indictment charging the crimes of criminal use of a firearm in the first degree must be·dismissed because the underlying class B violent felony (manslaughter in the first degree) related solely to the charge of intentional murder, of which the defendant was acquitted. Thus, insofar as the jury's verdict did not include a finding that the defendant had committed a class B violent felony, the verdict of guilt as to the crime of criminal use of a firearm in the first degree cannot be sustained.

Further, the imposed sentence evinces neither an improvident exercise of discretion nor a failure to observe sentencing principles on the part of the sentencing Judge, and does not warrant appellate modification *(see, People v Suitte,* 90 AD2d 80, 86-87).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.