THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH BOSEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered May 14, 1986, convicting him of burglary in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the perpetrator of the instant crimes beyond a reasonable doubt. Contrary to the defendant's contention, however, viewing the identification evidence in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (CPL 470.15 [5]) we find that the weight of the evidence adduced at trial clearly established that it was the defendant who broke into the complainant's home and who, when confronted by the complainant, struck him with a sack containing property, including two heavy silver candleholders, which belonged to the complainant. After fleeing the complainant's home while carrying other stolen property, the defendant was also observed by a member of a neighborhood citizens' patrol. Both the complainant and this witness identified the defendant at trial. The jury was entitled to credit this testimony (see, *People v Jones*, 154 AD2d 396; *People v Mc-Crimmon*, 131 AD2d 598).

Furthermore, the trial court's *Sandoval* ruling did not constitute an improvident exercise of its discretion (see, *People*

*v Mackey,* 49 NY2d 274). The defendant bears the burden of establishing that the prejudicial effect of admitting evidence of his past convictions outweighs its probative value *(see, People v Sandoval,* 34 NY2d 371). In the instant case he has failed to meet this burden. The trial court excluded three drug-related crimes as being nonprobative, and ruled that one past burglary conviction and the underlying facts of a prior youthful offender adjudication could be utilized by the prosecution during cross-examination if the defendant chose to testify on his own behalf. As both of these crimes involved the element of larceny, they were probative of the defendant's credibility since they demonstrated his willingness to place his interests above those of society *(see, People v Mays,* 140 AD2d 634; *People v Williams,* 108 AD2d 767). Furthermore, that the prior burglary conviction involved facts similar to those in the instant case does not compel exclusion of that conviction as a defendant who specializes in a particular type of crime is not shielded from cross-examination about it *(see, People v Branch,* 155 AD2d 475; *People v Torres,* 110 AD2d 794; *People v Cherry,* 106 AD2d 458).

Finally, the defendant's remaining contentions are unpreserved for appellate review (CPL 470.05 [2]; *see, People v Balls,* 69 NY2d 641, 642; *People v Udzinski,* 146 AD2d 245; *People v Cardona,* 136 AD2d 556). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.