■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE ELLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered May 9, 1985, convicting him of murder in the second degree, attempted robbery in the first degree (three counts), attempted criminal possession of a weapon in the fourth degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions on counts eight and nine of the indictment charging the defendant with criminal use of a firearm in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the court's *Sandoval* ruling which permitted inquiry into his only prior conviction, attempted robbery in the second degree, including the underlying facts, constituted reversible error. We disagree. Evidence of a defendant's prior conviction for a larcenous crime such as robbery is highly probative of his credibility because it bears upon his willingness to place his own interests above those of society *(see, People v Bennette,* 56 NY2d 142, 146-148; *People v Sandoval,* 34 NY2d 371, 377; *People v Boseman,* 161 AD2d 601; *People v Lopez,* 160 AD2d 956; *People v Branch,* 155 AD2d 475). Accordingly, the trial court did not improvidently exercise its discretion in making its *Sandoval* ruling.

However, we agree with the defendant's contention that the evidence was legally insufficient to support his convictions of criminal use of a firearm in the first degree inasmuch as he was not convicted of a class B violent felony *(see,* Penal Law § 265.09; *People v Pensen,* 139 AD2d 602, 603). Accordingly, those convictions must be reversed.

We have considered the defendant's remaining contentions and find that they do not require reversal. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.