■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT BROWNLEE, Appellant. [597 NYS2d 725] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 18, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no improvident exercise of discretion in the trial court's *Sandoval* ruling that the prosecutor would be permitted to cross-examine the defendant as to his three prior felony convictions and their underlying facts *(see, People v Sandoval, 34 NY2d 371; People v Mackey, 49 NY2d 274)*. The defendant did not meet his burden of proving that the prejudicial effect of admitting the prior convictions would so outweigh the probative worth on the issue of credibility as to warrant excluding the prior convictions *(see, People v Sandoval, supra, at 378)*. The prior convictions at issue were for attempted burglary, robbery, and unlawful imprisonment, and therefore were especially probative of the defendant's credibility because the attempted burglary and robbery convictions involved an element of larceny and because all of the prior convictions demonstrated the defendant's willingness to place his interests above those of society *(see, People v Sandoval, supra, at 377; People v Boseman, 161 AD2d 601, 602; People v Ellis, 162 AD2d 611)*. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.