■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BRYANT, Appellant. [598 NYS2d 89] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered May 28, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

An experienced detective observed the defendant make two hand-to-hand transactions in an area known for narcotics-related activity. The detective then observed the defendant remove from his pocket a brown bag or brown piece of paper, and from that, he handed an unidentified object to a woman in exchange for United States currency. The woman was apprehended shortly thereafter and found to possess a small brown piece of paper containing loose crack cocaine. At the detective's request, uniformed officers in a back-up unit then responded to the defendant's location in a marked patrol car. The officers exited the car and moved quickly toward the defendant. The defendant, while facing the officers, threw an object over his shoulder seconds before the officers reached him. An officer retrieved the object, which was a clear plastic vial with a green cap containing a white rock-like substance later found to be crack cocaine. We find that the totality of these circumstances established probable cause to arrest the defendant. Since the vial was not discarded as a result of improper police activity, suppression was properly denied *(see, People v McRay,* 51 NY2d 594; *People v Jones,* 186 AD2d 681; *People v Greaves,* 123 AD2d 445).

We find further that the defendant was not entitled to a missing witness charge for the People's failure to call the purchaser of the drugs. Even though the purchaser pleaded guilty to the charge, the defendant did not make the requisite prima facie showing that the uncalled witness would be expected to testify favorably to the People and that she was under their control *(see, People v Gonzalez,* 68 NY2d 424; *People v Diaz,* 190 AD2d 685).

The defendant's remaining contention is unpreserved for appellate review. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.