◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENRICK FONCETTE, Appellant. [602 NYS2d 192] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Rotker, J.), rendered November 20, 1990, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated December 9, 1991, which denied the defendant's motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment and order are affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in ruling that, should

the defendant choose to testify, the prosecutor would be permitted to cross-examine him with respect to several prior felony convictions, their underlying facts, and the defendant's use of aliases in connection with those convictions (see, People v Sandoval, 34 NY2d 371). The defendant's prior convictions demonstrated his willingness to place his interests above those of society and some of them were especially probative of his credibility because they involved an element of larceny (see, People v Sandoval, supra, at 377; People v Boseman, 161 AD2d 601, 602; People v Ellis, 162 AD2d 611). The mere fact that the convictions were similar in nature to the instant offense does not warrant preclusion (see, People v Pavao, 59 NY2d 282, 292; People v Hamilton, 171 AD2d 882). Inquiry into the underlying facts was proper (see, People v Ellis, supra, at 611; People v Boseman, supra; People v Alford, 178 AD2d 418). Also, permitting inquiry regarding his use of aliases in connection with the convictions that were admissible under the court's Sandoval ruling was not error (see, People v Greer, 181 AD2d 422; see generally, People v Rivera, 180 AD2d 560; People v Esquilin, 141 AD2d 838).

We also find that the court properly denied the defendant's motion pursuant to CPL 440.10 since the defendant was provided with effective assistance of counsel (People v Baldi, 54 NY2d 137; People v Lundy, 104 AD2d 384).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit (see, People v Hucks, 175 AD2d 213, 214; People v Rosario, 9 NY2d 286, cert denied 368 US 866; People v Rogelio, 79 NY2d 843; People v Williams, 78 NY2d 1087, 1088; People v Hilliard, 173 AD2d 559; People v Merchant, 171 AD2d 887). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.