■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MILLER, Appellant. [605 NYS2d 115] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered August 20, 1991, convicting him of assault in the first degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP MILLER, Appellant. [605 NYS2d 342] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered August 9, 1991, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues, inter alia, that both the lineup and the in-court identification should have been suppressed because three of the lineup fillers had skin tones significantly darker than his. However, it is clear that lineup fillers need not be identical in physical characteristics to the defendant, but only need be reasonably similar in appearance (see, People

*v Lundquist,* 151 AD2d 505, 506). Skin tone is only one of the factors to be considered in deciding "reasonable similarity" *(see, People v Phillips,* 145 AD2d 656), and differences in skin tone alone will not render a lineup unduly suggestive *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). The hearing court, which saw and heard the witnesses, found that the lineup was not suggestive *(see, e.g., People v Prochilo,* 41 NY2d 759), and its determination should not be disturbed if supported by the record. Moreover, contrary to the defendant's contention, " '[t]he fact that the * * * photograph[s] of the lineup were apparently lost sometime after trial does not give rise to an inference that * * * the lineup was suggestive, since the hearing court had the opportunity to view the photographs and determined that they were not unduly suggestive' " *(People v Robert,* 184 AD2d 597, 599; *People v Gonzalez,* 168 AD2d 283).

We find that the trial court did not improvidently exercise its discretion in permitting the prosecution to impeach the defendant with the underlying facts of several prior convictions which involved offenses similar in nature to the present offense. Questions concerning other crimes are not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged *(see, People v Pavao,* 59 NY2d 282; *People v Toro,* 161 AD2d 819). Further, theft related offenses are particularly relevant to the issue of credibility since they demonstrate the defendant's willingness to place his interests above those of society *(see, People v Ellis,* 162 AD2d 611; *People v Boseman,* 161 AD2d 601).

We have reviewed the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.