■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHANE ALLEN, Appellant. [628 NYS2d 139] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 15, 1993, convicting him of burglary in the second degree, grand larceny in the third degree, criminal mischief in the fourth degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we find that the jury's verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contentions, the trial court did not improvidently exercise its discretion in permitting cross-examination of the defendant with respect to various prior convictions and their underlying facts (see, People v Sandoval, 34 NY2d 371; People v Ellis, 162 AD2d 611; People v Boseman, 161 AD2d 601). The defendant's prior convictions demonstrated his willingness to place his interests above those of society and were especially probative of his credibility because they involved an element of larceny (see, People v Sandoval, supra, at 377; People v Ellis, supra; People v Boseman, supra). The mere fact that the convictions were similar in nature to the instant offense does not warrant their preclusion (see, People v Pavao, 59 NY2d 282, 292; People v Hamilton, 171 AD2d 882).

Contrary to the defendant's contention, he was not deprived of his right to be present at a material stage of the trial when the prosecutor and the defense counsel had a discussion, apparently out of the defendant's presence, and then proposed to the court that two individuals be seated as alternate jurors. These jurors included one individual against whom the People had exercised a peremptory challenge and another individual against whom the defense counsel had exercised a peremptory challenge. The court asked the defendant if he was agreeable to the selection and the defendant expressly agreed. Any discussion outside the defendant's presence was "a mere preliminary advisement" to the court (People v Velasco, 77 NY2d 469, 473). The decision to seat the individuals as alternate jurors was ultimately made by the defendant (see, People v Velasco, supra). Thus, the discussion was not a material part of the trial (see, People v Velasco, supra).

The defendant's sentence was not excessive and should not be disturbed (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including these raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.