■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK McCLAM, Appellant. [639 NYS2d 854]

The County Court did not improvidently exercise its discretion when it issued its *Sandoval* ruling permitting the prosecution to cross-examine the defendant, should he choose to testify, with respect to several prior convictions which involved offenses similar in nature to the present offense, including the underlying facts of two of them. Questions concerning other crimes are not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282; *People v Rahman,* 46 NY2d 882). Furthermore, theft-related offenses are particularly relevant to the issue of credibility since they demonstrate the defendant's willingness to place his interests above those of society (*see, People v Miller,* 199 AD2d 422; *People v Brownlee,* 193 AD2d 752; *People v Foncette,* 197 AD2d 533).

The defendant contends that his guilt of two counts of assault in the second degree was not proven by legally sufficient evidence and that the verdict was against the weight of the evidence because of inconsistencies between the testimony of the prosecution witnesses and that of the defense witnesses. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of two counts of assault in the second degree (Penal Law § 120.05 [3]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses

(*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.