■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMUNDO FERNANDEZ, Appellant. [644 NYS2d 795] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered March 1, 1994, convicting him of criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in ordering that the jury be sequestered, notwithstanding the defendant's waiver of sequestration (*see,* CPL 310.10). "[T]he requirement that a deliberating jury be sequestered is entirely statutory and reflects no established common-law right of the defendant" (*People v Webb,* 78 NY2d 335, 339-340).

Further, we find no error in the trial court's *Sandoval* ruling that the prosecution could cross-examine the defendant as to the underlying facts of two prior robbery convictions (*see, People v Sandoval,* 34 NY2d 371). Evidence of a defendant's prior conviction for a larcenous crime such as robbery is highly probative of his credibility because it bears upon his willingness to place his own interests above those of society (*see, People v Bennette,* 56 NY2d 142, 146-148; *People v Foncette,* 197 AD2d 533; *People v Ellis,* 162 AD2d 611).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not warrant reversal of the judgment of conviction. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.