■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER RUIZ, Appellant. [670 NYS2d 520] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered August 24, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in allowing the People to inquire into the underlying facts of his prior conviction of robbery is without merit. Such inquiry would not demonstrate a propensity toward crimes involving narcotics, but rather would be highly probative of the defendant's willingness to place his own interests before those of society (*see, People v Fernandez,* 229 AD2d 447). Accordingly, the court did not improvidently exercise its discretion (*see, People v Sandoval,* 34 NY2d 371).

The defendant's contention that the trial court erred in refusing to give a circumstantial evidence charge also is without merit. Where, as here, a charge is supported by both circumstantial and direct evidence, the court need not so charge the jury (*see, People v Daddona,* 81 NY2d 990).

The defendant's further contention that he was entitled to a missing-witness charge also is without merit. Even though the buyer of the cocaine pleaded guilty to the charge, the defendant did not make the requisite prima facie showing that the buyer would be expected to testify favorably to the People and that he was under their control (*see, People v Bryant,* 194 AD2d 549, 550).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Copertino, J. P., Altman, Florio and Luciano, JJ., concur.