■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS APONTE, Appellant. [676 NYS2d 223] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered October 29, 1996, convicting him of burglary in the third degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282, 292). The mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes (*see, People v Mattiace, supra; People v Pavao, supra; People v Mc-Clam,* 225 AD2d 799).

Moreover, the trial court did not err by refusing to charge the jury on identification as there was no issue presented as to identification (*see, People v Reedy,* 126 AD2d 681). The defendant was apprehended immediately after the burglary a few feet from the store and in possession of goods stolen from the store. Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Also Known as RICHARD COLE, Appellant. [675 NYS2d 308] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered December 18, 1996, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to dismiss the indictment pursuant to CPL 380.30. The delay in sentencing the defendant was excusable because it was the result of his own conduct in providing law enforcement officials with aliases and other false information (*see, People v Drake,* 61 NY2d 359, 366).

Under the circumstances of this case, the sentence imposed on the defendant was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.