■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BRATHWAITE, Appellant. [681 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 8, 1996, convicting him of robbery in the third degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371). The mere fact that a defendant committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes (*see, People v Mattiace, supra; People v Pavao, supra; People v McClam,* 225 AD2d 799). The court's ruling that the prosecutor could inquire into the underlying facts of the defendant's conviction of murder and a bad act, i.e., the slashing by the defendant of another inmate, did not deprive the defendant of a fair trial nor prevent him from asserting an adequate defense (*see, People v McClainin,* 178 AD2d 495).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.