■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMODOR ACEVEDO, Also Known as AMADOR ACEVEDO, Appellant. [707 NYS2d 404] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered September 6, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and loitering in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years and 1 year, respectively, unanimously modified, on the law, to the extent of reducing the sentence for loitering to 3 months, and otherwise affirmed.

Defendant was properly tried and sentenced in absentia af-

ter he failed to appear on the second day of trial and the People established at a hearing that reasonable efforts had been made to locate him. The court properly denied a defense application to adjourn the trial to permit defense counsel to conduct a further investigation into defendant's whereabouts, since defendant's absence was clearly deliberate and there was no reason to expect that defendant's presence could be obtained after a further delay (*see, People v Johnson,* 262 AD2d 155, 156, *lv denied* 94 NY2d 798).

The court's *Sandoval* ruling, permitting inquiry into the underlying facts of defendant's youthful offender adjudication for robbery and his conviction for escape but barring inquiry as to his prior drug convictions, was a proper exercise of discretion (*see, People v Walker,* 83 NY2d 455, 459).

The court properly admitted into evidence the cash recovered from defendant since such evidence was clearly relevant to the charge of possession with intent to sell (*People v Haynes,* 172 AD2d 242, *lv denied* 78 NY2d 967). Any error in admission of a folding knife recovered from defendant was harmless.

We perceive no abuse of sentencing discretion. However, as the People correctly concede, the maximum sentence that may be imposed for loitering in the first degree is 3 months' imprisonment and therefore we reduce defendant's sentence accordingly.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Andrias, JJ.