■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FLOYD, Appellant. [708 NYS2d 338] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered July 13, 1998, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated July 27, 1999, which denied, without a hearing, his motion pursuant to CPL article 440 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant's claim that the evidence was legally insuf-

ficient is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Barnes,* 50 NY2d 375; *People v Mazer,* 208 AD2d 956; *see also, People v Martinez,* 245 AD2d 530). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that he was entitled to a circumstantial evidence charge is without merit. The Supreme Court did not err in failing to charge the jury on circumstantial evidence since such a charge is not required when a case is supported by both circumstantial and direct evidence (*see, People v Daddona,* 81 NY2d 990; *People v Ruiz,* 248 AD2d 647).

The Supreme Court providently exercised its discretion in not granting an evidentiary hearing pursuant to CPL 440.30 based on a claim of ineffective assistance of counsel. The record demonstrates that the failure of the defendant's trial counsel to argue the defense now raised by the defendant may well have been a tactical decision (*see, People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796). Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.