■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH S. HARRIS, Appellant. [759 NYS2d 776] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 4, 2001, upon a verdict convicting defendant of the crime of rape in the first degree.

Indicted on rape in the first degree and found guilty as charged following a jury trial, defendant appeals. As none of the arguments in support of reversal has merit, we affirm the conviction.

At trial, the victim testified that on the night of July 27, 2000, she met defendant for the first time through a mutual acquaintance, Karl Kelly. While the threesome were at the home of defendant's parents, defendant grabbed the victim, pulled her into a room outside the presence of Kelly and told her that if she did not have sex with him, she could "walk home." When the victim indicated that she was willing to walk home, defendant then repeatedly threatened her with a stun gun if she did not have sex with him.

After an unsuccessful attempt to escape through a window in the bathroom, the victim opened the bathroom door only to discover defendant "right there." At this time, he pushed her into a nearby bedroom, closed the door, pushed her down on the bed and forced himself on her. The victim's request that

defendant stop went unanswered. Defendant thereafter instructed her not to tell anyone about what happened. Once finally away from him, the victim immediately reported the incident to friends and the police. A rape kit was administered identifying the presence of seminal fluid in the victim, which was later determined through DNA testing to be that of defendant.

Notably, the victim's details of what transpired on the night in question were substantially confirmed by Kelly. Moreover, according to Kelly, when the victim emerged from the bedroom with defendant, she was "pale and startled." When Kelly questioned defendant upon what transpired between them, defendant admitted that he threatened to use a stun gun on the victim if she did not have sex with him. The jury also learned that defendant gave the police three different statements. First, he denied knowing the victim, denied being with her or Kelly that night and even denied being at his parent's home. Thereafter, he tacitly admitted that he knew about the rape, but claimed that another man did it. Finally, he admitted that he had sexual intercourse with the victim that night, but claimed that it was consensual. Given this evidence, we conclude that the verdict was neither legally insufficient nor against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490, 495 [1987]).

We further conclude that County Court did not abuse its discretion in its *Sandoval* ruling. Although the court barred inquiry into defendant's youthful offender adjudication for criminal possession of a weapon in the third degree or a pending probation violation, it permitted limited inquiry into the underlying facts of youthful offender adjudications for attempted burglary in the second degree and escape in the second degree, and properly so in our view (see *People v Acevedo*, 271 AD2d 339, 340 [2000], *lv denied* 95 NY2d 903 [2000]). These convictions demonstrate a willingness on defendant's part to place his self-interest ahead of society's interest (see e.g. *People v Ebron*, 275 AD2d 490, 492 [2000], *lv denied* 95 NY2d 934 [2000] [prior escape conviction is probative of a defendant's credibility and indicates willingness to place self-interest above society]; *People v Kehn*, 132 AD2d 778, 779 [1987], *lv denied* 70 NY2d 800 [1987] [same]; *see also People v Brownlee*, 193 AD2d 752 [1993], *lv denied* 82 NY2d 714 [1993] [prior attempted burglary conviction is probative of a defendant's credibility and indicates willingness to place self-interest above society]; *People v Scott*, 118 AD2d 881 [1986], *lv denied* 67 NY2d 1056 [1986] [same]).

Next, as the record clearly reflects that defendant and his attorney were advised of defendant's right to be present at all sidebar conferences if he so desired and that no objections were thereafter raised by either when defendant was absent from sidebar colloquies, we are unpersuaded that he was denied the right to be present at any material stage of the trial (*see People v Keen*, 94 NY2d 533, 536 [2000]; *see also People v Santorelli*, 95 NY2d 412, 423-424 [2000]; *People v Velasquez*, 298 AD2d 608, 608-609 [2002], *lv denied* 99 NY2d 565 [2002]; *People v Jackson*, 296 AD2d 658, 659 [2002], *lv denied* 98 NY2d 768 [2002]; *cf. People v Lucious*, 285 AD2d 968, 969-970 [2001], *lv denied* 97 NY2d 657 [2001]; *People v Lucious*, 269 AD2d 766, 767-768 [2000]). Defendant's remaining contentions, including his claim that he received ineffective assistance of counsel, have been reviewed and rejected.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.