■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WASHINGTON, Also Known as JOHN DOE, Appellant. [757 NYS2d 767] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyer, J., at plea; Parker, J., at sentence), rendered April 13, 2000, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

When the defendant pleaded guilty on February 18, 1992, he falsely denied his prior criminal record which included a prior felony conviction. Thereafter, he absconded. He was arrested in 1996 and served three months in prison for violation of probation with respect to the prior felony conviction. However, he was not returned on the bench warrant issued in the instant case until he was arrested again in 1999.

Prior to sentencing, the defendant moved to dismiss the indictment pursuant to CPL 380.30 (1), on the ground that his sentencing in the instant case was unreasonably delayed after he was arrested in 1996. That motion was denied after a hearing, on the ground that "the defendant actively engaged in conduct (i.e. the use of aliases and false birth dates) which * * * frustrated the People's attempts to produce him for sentencing."

A delay in sentencing is excusable where, as here, it is the result of the defendant's own conduct in providing law enforcement officials with aliases and other false information (see People v Brown, 252 AD2d 592 [1998]). Altman, J.P., Smith, McGinity and Cozier, JJ., concur.