Robert BROWN, a/k/a Richard
Cole, Petitioner,

v.

Edward DONELLY, Superintendent,
Wende Correctional Facility,
Respondent.

No. 99–CV–3615 (NG).

United States District Court,
E.D. New York.

April 22, 2003.

Robert Brown, Alden, NY, pro se.

Brendan Crowe, District Attorney of Kings County, Brooklyn, NY, for respondent.

## ORDER

GERSHON, District Judge.

Petitioner, Robert Brown, also known as Richard Cole, brings this action pursuant to 28 U.S.C. § 2254, challenging his conviction, after a guilty plea, on June 25, 1992, in New York State Supreme Court, Kings County (Goldberg, J.) to one count of robbery in the first degree in violation of N.Y. Penal Law § 160.15[2] in full satisfaction of an eleven-count indictment (Ind. No. 2975/92). Petitioner claims that the state sentencing court lost jurisdiction over him after an unreasonable delay in imposing his sentence after the guilty plea.

## SPEEDY SENTENCING CLAIM

On the way to a drug treatment program that was offered by the court as a means of reducing his sentence on the above conviction, petitioner absconded. On August 3, 1992, a sentence warrant was issued by the court when petitioner failed to appear at sentencing. On August 12, 1992, petitioner was arrested for an unrelated robbery, assault and weapons possession in Kings County, New York. Petitioner identified himself to police as Richard Cole. Thereafter, on November 30, 1992, petitioner, as Richard Cole, pleaded guilty to robbery in the first degree. On January 20, 1993, petitioner, as Richard Cole, was sentenced as a first time offender to a term of imprisonment of three to eight years for the charges resulting from the August 12, 1992 arrest (Ind. No. 9365/92).

On January 20, 1993, petitioner began serving his sentence, as Richard Cole, for the August 12, 1992 offense.

On August 21, 1996, three and one-half years after beginning to serve his sentence for his conviction on Ind. No. 9365/92, petitioner was returned from his place of incarceration to Kings County on the outstanding bench warrant for his failure to appear at the sentencing on the earlier indictment in which he was identified as Robert Brown (Ind. No. 2975/92). The resulting sentence on that indictment is the subject of this habeas corpus petition.

The sentencing was adjourned while petitioner moved to dismiss Ind. No. 2975/92 on the ground that the court lost jurisdiction over him as the result of an unreasonable delay in returning him to court for sentencing. In support of his motion, petitioner claimed that, on April 1, 1993, the Inmate Records Coordinator at Mohawk Correctional Facility, where he was serving his sentence as Richard Cole, informed him of the lodging of an outstanding bench warrant by the New York City Police Department's warrant squad for Ind. No. 2975/92. Petitioner claims that, on April 19, 1994, after waiting for a response from the Kings County District Attorney's office on the outstanding warrant, he notified Mohawk officials that he wanted a speedy disposition of the charges under that indictment and that he asked the officials at Mohawk to inform the Kings County District Attorney's Office of that request. On April 24, 1994, petitioner was notified that his request had been forwarded to the Kings County District Attorney's office. Petitioner claims that the delay, until August 21, 1996, to bring him to Kings County for sentencing was unreasonable because the People knew, or should have known, of his whereabouts when the New York City Police Department initially lodged the warrant at Mohawk and when

Mohawk officials, at petitioner's request, sent the Kings County District Attorney's Office a notice that petitioner wanted a final disposition on the outstanding warrant. Petitioner claims that the People's negligence and mistake kept them from ascertaining that the person named on the communications, Richard Cole, was in fact Robert Brown, the person named in Ind. No. 2975/92.

By Memorandum Decision and Order dated December 18, 1996 ("Dec."), Justice Goldberg denied the motion, finding that petitioner had frustrated the timely imposition of his sentence by absconding and hiding himself from the People through the use of a false name. Dec. 4–5. The court noted that, although a defendant is entitled to be sentenced without unreasonable delay pursuant to C.P.L. § 380.30(1), delay will be excused under circumstances where a defendant purposefully avoids imposition of his sentence and purposefully misleads authorities. The court further explained that the knowledge of the petitioner's true identity by some state agencies will not be imputed to the People unless they have actual knowledge of his location and, in contrast to the People's obligations under the speedy trial statute, they have no affirmative duty to find an absconder who has already been convicted. Dec. 5–6.

The court also found that, even assuming that the copies of two requests for imposition of sentence that petitioner submitted in support of his allegations were authentic, they were confusing because they listed the correct warrant number, but used the name and identification number of Richard Cole, not Robert Brown. The court found that petitioner's absconding, use of the alias and misleading requests excused the delay. Dec. 8.

At sentencing, the People provided proof that petitioner had been convicted of several other felonies under various other names,[1] and he was sentenced as a mandatory persistent felony offender. The court sentenced petitioner to a prison term of twenty-five years to life on Ind. No. 2975/92 and, at petitioner's counsel's request, ordered that sentence to be served concurrently and run *nunc pro tunc* with the first day of petitioner's sentence on Ind. No. 9365/92. This made the effective date of the start of his sentence on Ind. No. 2975/92 January 20, 1993.

Petitioner appealed from his judgment of conviction to the Appellate Division, Second Department, claiming that the trial court lost jurisdiction over him as the result of an unreasonable delay in sentencing and that his sentence was excessive. On July 27, 1998, the Appellate Division affirmed the judgment of conviction holding that, the "Supreme Court properly denied the defendant's motion to dismiss the indictment pursuant to § 380.30. The delay in sentencing was excusable because it was the result of his own conduct in providing law enforcement officials with aliases and other false information (see *People v. Drake*, 61 N.Y.2d 359, 366, 474 N.Y.S.2d 276, 462 N.E.2d 376)." The Appellate Division also rejected petitioner's excessive sentence claim. *People v. Brown*, 252 A.D.2d 592, 675 N.Y.S.2d 308 (2d Dept. 1998). Leave to appeal to the New York Court of Appeals was denied on December 21, 1998. *People v. Brown*, 92 N.Y.2d 1029, 684 N.Y.S.2d 494, 707 N.E.2d 449 (1998) (Ciparick, J.).

In his petition for a writ of habeas corpus, petitioner claims that his rights to a speedy trial and due process of law, as guaranteed by the Sixth and Fourteenth Amendments, were violated by the state court's imposition of sentence after an un-

---

1. At sentencing, petitioner informed the court that his real name was Charles Howard.

reasonable delay for which the People were at fault.

Under 28 U.S.C. § 2254:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim;

(1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under 28 U.S.C. § 2254(e)(1), a determination of a factual issue made by a State court shall be presumed to be correct. The applicant bears the burden of rebutting the presumption of correctness by clear and convincing evidence.

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court held that a state court decision is "contrary to" clearly established Supreme Court precedent if it "contradicts the governing law set forth in [Supreme Court] cases or confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 405–06, 120 S.Ct. 1495. The court further stated that a state court decision is "an unreasonable application of" clearly established Supreme Court precedent if, from an objective standpoint, the state court applied Supreme Court precedent unreasonably, not simply incorrectly or erroneously. *Id.* at 411, 120 S.Ct. 1495. The Court of Appeals for the Second Circuit has held that, to show "an unreasonable application," petitioner must identify

"some increment of incorrectness beyond error." *Ryan v. Miller,* 303 F.3d 231, 245 (2d Cir.2002) (*quoting Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000)).

■ Furthermore, "a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or relevant federal case law." *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). Thus, the decision of the state court on the merits of petitioner's speedy sentence claim is sufficient, under *Sellan,* to trigger AEDPA deference.

However, there is an issue as to whether there is a constitutional right to a speedy sentence that has been clearly established in Supreme Court precedent. Under *Williams,* the Supreme Court stated that the phrase "clearly established Federal law, as determined by the Supreme Court," in the habeas statute, refers only to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Williams* at 411–12, 120 S.Ct. 1495. *Cf. Lurie v. Wittner,* 228 F.3d 113, 125 (2d Cir.2000) (assuming arguendo that an unreasonable refusal to extend a Supreme Court precedent to cover other situations would satisfy Section 2254(d)(1)). In *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the Supreme Court, in determining whether a sentence imposed on a petitioner was valid when imposed subsequent to judgment and an order of probation, stated that "[w]e will assume arguendo that sentence is part of the trial for purposes of the Sixth Amendment," and further stated that "[w]hether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances (citations

omitted). The delay must not be purposeful or oppressive." *Id.* at 486. Following *Pollard,* the Court of Appeals for the Second Circuit has also assumed arguendo that the Sixth Amendment guarantee of a speedy trial extends to sentencing proceedings. *See United States v. Bryce,* 287 F.3d 249, 256 (2d Cir.2002); *United States v. Tortorello,* 391 F.2d 587, 589 (2d Cir. 1968). Here, petitioner cannot show an unreasonable application of Supreme Court precedent, even assuming arguendo that that precedent includes the right to a speedy sentencing.

 The factors cited by the Supreme Court for determining whether a *pre-trial* delay violates the Sixth Amendment were set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and are relevant in determining whether a person's due process rights were violated in a sentencing context. *See Tortorello,* 391 F.2d at 589. These factors are: the length of the delay, the reason for the delay, the petitioner's assertion of his right and prejudice to the petitioner. *Barker* also held that "[w]e regard none of the factors identified ... as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker,* 407 U.S. at 533, 92 S.Ct. 2182. The right to a speedy trial requires a court to determine "whether a delay has been unreasonable in light of the peculiar circumstances of the case." *Bryce,* 287 F.3d at 256 (*quoting United States v. DeLuca,* 529 F.Supp. 351, 354 (S.D.N.Y.1981)).

 The state trial court found that petitioner was completely responsible for the delay in sentencing because he absconded prior to sentencing and then falsely identified himself by using an alias. The court also found that petitioner's attempts to assert his rights were misleading because

he did not give the name, Robert Brown, which was on Ind. No. 2975/92, nor the identification number that corresponded with that indictment on his requests. Under AEDPA, these facts are presumed to be correct. Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. He has not done so.

Contrary to petitioner's allegations that he vigorously asserted his desire to have his sentence imposed to the Kings County District Attorney, the record supports the findings of the trial court, that petitioner submitted two letters which did not bear the name or identification number of Robert Brown. Moreover, petitioner does not deny that he absconded, used an alias or gave false information. Petitioner argues only that those factors became unimportant after the Department of Corrections found out that he was the person who was also wanted on an outstanding warrant under the name of Robert Brown and that the burden was on the People to find him and sentence him without delay. Petitioner's argument does not rebut any facts on which the trial court's decision rests and on which the Appellate Division affirmed that decision.

Thus, petitioner bears the burden of showing that the Appellate Division application of *Barker* to the factual findings of the trial court was objectively unreasonable. The Appellate Division found that the reason for the delay was solely petitioner's own action in providing law enforcement officials with aliases and other false information and it determined that petitioner was not denied any rights to a speedy sentence. Petitioner has failed to show that the Appellate Division's application of *Barker* was objectively unreasonable. *See Davis v. Kelly,* 316 F.3d 125 (2d Cir.2003) ("Because we must accept [the New York Supreme Court's finding of fact] that the delay [of over three years] in

Davis' retrial is attributable to Davis' own actions, we cannot say that the New York Appellate Division's ruling that the delay did not violate the Sixth Amendment was 'an unreasonable application of' *Barker*.") Thus, petitioner's claim that he was subjected to an unreasonable delay in his sentencing is rejected.

**MOTION TO AMEND THE PETITION**

On January 7, 2003, petitioner requested permission to amend his petition and add two new claims that he had recently exhausted in New York State C.P.L. §§ 440.10 and 440.20 proceedings. He wishes to add claims that: (1) his trial counsel at his sentencing on Ind. No. 2975/92 was ineffective because he failed to advise petitioner to accept an allegedly favorable sentencing offer, even though the court later found that the offer was illegal; and (2) that he was illegally sentenced as a mandatory persistent felony offender pursuant to New York State law in violation of the *Ex Post Facto* Clause of the United States Constitution. Petitioner argues that, under *Littlejohn v. Artuz*, 271 F.3d 360 (2d Cir.2001), the motion to amend should not be construed as a second or successive petition, but should be governed by Federal Rule of Civil Procedure 15(a).

■ Respondent argues that, under *Fama v. Comm'r of Correctional Services*, 235 F.3d 804, 815 (2d Cir.2000), Rule 15(c) requires that an amendment to a habeas corpus petition, where the statute of limitations has run on the underlying claim, must relate back to the original petition in order to be deemed timely. Petitioner's new claims, respondent argues, do not relate back to the original petition, and petitioner's motion to amend should be denied. Although petitioner correctly states that his motion to amend should not be construed as a second or successive petition, I agree with respondent that Rule 15(c) governs the decision on petitioner's motion.

■ A petitioner has one year from the date his conviction became final in which to file a petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on March 1, 1999, 90 days after leave to appeal to the New York Court of Appeals was denied. Thus, he had until March 1, 2000 to file his petition. Petitioner filed his original petition on June 22, 1999. There is no dispute that his original petition was timely. However, the Motion to Amend his petition was filed on January 7, 2003, nearly three years after his time to file had expired.

*Fama* held that an amendment to a habeas corpus petition that raises a new claim will be deemed timely if it relates back to the claims in the initial petition. A claim relates back under Rule 15(c) if the claims asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. *Fama*, 235 F.3d at 815. The pertinent inquiry under Rule 15(c) is whether the original complaint gave the opposing party fair notice of the newly alleged claims. *Id. See also Wilson v. Fairchild Republic Co.*, 143 F.3d 733 (2d Cir.1998). Therefore, the decision on petitioner's motion rests on whether petitioner's speedy sentencing claim put respondent on fair notice of the claims that petitioner was denied effective assistance of counsel or that he was sentenced under an unconstitutional New York sentencing law.

Petitioner's original habeas corpus petition raises only one substantive claim, addressed above, which was also raised in his motion to dismiss the indictment, his appeal from the denial of that motion in the Appellate Division, and his application for leave to appeal to the New York Court of Appeals. That claim was: "[W]hether the forty-one-month interval between the lodging of the detainer warrant and the imposi-

tion of sentencing violated petitioner's due process right; whether the state applied the proper legal principles applicable to the correct evaluation of a sentence delay claim?"

Nowhere in his petition does petitioner even hint that he was denied effective assistance of counsel at the sentencing or that the New York law under which he was sentenced violated the *Ex Post Facto* Clause of the Constitution. His claim and arguments presented in his original petition centered on the People's lack of diligence in finding him and sentencing him, all events that happened before he was sentenced. Moreover, petitioner's original claim squarely places the blame for all of his alleged constitutional violations on the actions of the Kings County District Attorney. In contrast, petitioner's new claims relate to the conduct of his attorney at the sentencing proceeding and the constitutionality of the New York sentencing law. These claims do not present new evidence relating to his speedy sentencing claim or relate in any manner to the length of time between petitioner's guilty plea and the imposition of his sentence. Rather, these claims represent an attempt to present alternative grounds on which this court should grant petitioner's habeas petition should his first claim fail. Respondent could not have been on fair notice of these claims based upon the allegations in the original petition; they involve completely different legal and factual issues and arguments. Thus, the proposed amended petition does not relate back to petitioner's original petition, and the motion to amend is denied.

## CONCLUSION

The motion to amend the petition for a writ of habeas corpus is denied. The petition for a writ of habeas corpus is denied. As petitioner has failed to make a substantial showing of the denial of a constitution-al right, a certificate of appealability is denied.

**SO ORDERED.**