People v Giddens (2018 NY Slip Op 03855)





People v Giddens


2018 NY Slip Op 03855


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2013-06953
2013-06966

[*1]The People of the State of New York, respondent,
v
Paul Giddens, appellant. (Ind. Nos. 12-284, 12-389)


Mark Diamond, New York, NY, for appellant, and appellant pro se.
Thomas P. Zugibe, District Attorney, New City, NY (Carrie A. Ciganek and Itamar J. Yeger of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Rockland County (William A. Kelly, J.), both rendered June 18, 2013, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, under Indictment No. 12-284, and robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, under Indictment No. 12-389, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials, and his separate motion to suppress intercepted communications and evidence derived therefrom.
ORDERED that the judgments are affirmed.
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of his constitutional right to a fair trial is unpreserved for appellate review, as he did not raise any constitutional challenge to the Sandoval ruling before the trial court (see CPL 470.05[2]; People v Wheelings, 137 AD3d 1310, 1311 [citation omitted]). In any event, the court's Sandoval ruling did not deprive the defendant of a fair trial. Contrary to the defendant's contention, his prior conviction of attempted murder was relevant to his credibility and not just to his propensity to commit the charged offenses in this case, as the prior conviction was a "crime of calculated violence," not of "impulsive violence" (People v Sandoval, 34 NY2d at 376-377; see People v Lee, 55 AD2d 658, 658). As such, it revealed a willingness or disposition of the defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society and was relevant to the defendant's credibility (see People v Sandoval, 34 NY2d at 377). The court providently exercised its discretion in ruling that, if the defendant testified, the prosecution could cross-examine him on particular facts underlying the prior conviction, as the defendant has not shown that allowing such cross-examination was so prejudicial as to outweigh the probative value of the questioning (see People v Levy, 290 AD2d 565, 565; People v Brathwaite, 254 AD2d 365, 365; People v Boseman, 161 AD2d 601, 602). In light of the length of the defendant's incarceration between the prior conviction in 2001 and the trial in this matter in 2013, the prior conviction was not so remote in time as to mandate preclusion (see People v Lombardo, 151 AD3d 887, 887; People v Wallace, 128 AD3d 866, 867; People v Myron, 28 AD3d 681, 683).
The Supreme Court should have suppressed the defendant's videotaped interrogation by the police, as the People did not prove beyond a reasonable doubt that the defendant's statement was voluntary (see People v Thomas, 22 NY3d 629, 641). The detectives made repeated threats to the defendant that they would tell the codefendant that the defendant had incriminated the codefendant. Thus, the People failed to show that the statement was not the product of psychological coercion and was instead of the defendant's own choice (see id. at 641-642). However, this constitutional error was harmless beyond a reasonable doubt, as the proof of the defendant's guilt, without reference to the error, is overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Ellison, 138 AD3d 1137, 1138).
The defendant's contention that his statement made over the telephone to his girlfriend should have been suppressed is unpreserved for appellate review (see CPL 470.05[2]). In any event, the Supreme Court correctly admitted into evidence both this statement and the defendant's statement to another individual who had been arrested and was at the police station. These statements were not subject to suppression, as they were not the product of police activity (see People v Pierre, 241 AD2d 559, 560; People v Eldridge, 213 AD2d 667, 667-668; People v Shurka, 191 AD2d 724, 726-727; People v Murphy, 163 AD2d 425, 425; People v Stewart, 160 AD2d 966, 966; People v King, 155 AD2d 480, 480-481).
The defendant failed to preserve for appellate review his present challenge to the legal sufficiency of the evidence supporting his convictions (see People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348).
The defendant did not preserve for appellate review his arguments regarding the prosecutor's summation, as he failed to object to the challenged comments, request curative instructions, or move for a mistrial on these grounds (see CPL 470.05[2]; People v Negron, 150 AD3d 764, 765). In any event, the prosecutor's summation did not deprive the defendant of a fair trial. The challenged comments were properly based on "the inferences to be drawn" from the trial evidence (People v Bailey, 58 NY2d 272, 277), were a fair response to the defendant's arguments in summation that his confession was coerced and that there was no direct evidence of his guilt (see People v Brisco, 145 AD3d 1028, 1029; People v Shelton, 31 AD3d 791, 792; People v Vazquez, 122 AD2d 820, 820; People v Allen, 121 AD2d 453, 454, affd 69 NY2d 915), and did not denigrate the defense. To the extent that any single remark was improper, the error was not so egregious as to have deprived the defendant of a fair trial (see People v Gomez, 153 AD3d 724, 726). Furthermore, defense counsel's failure to object to those remarks did not constitute ineffective assistance of counsel (see People v McGowan, 111 AD3d 850, 851).
Contrary to the defendant's argument raised in his pro se supplemental brief, the detective's affidavits in support of the eavesdropping warrants sufficiently demonstrated that normal investigative procedures were insufficient (see CPL 700.15[4], 700.20[2][d]). In his affidavit, the detective explained that additional physical surveillance was unlikely to be successful because the officers were unable to conduct surveillance near the defendant's home without being recognized. Additional physical surveillance also would not allow officers to hear the defendant's conversations. The People also established that infiltrating the conspiracy was unrealistic based upon the detective's investigation thus far, and established that arresting the defendant or utilizing search warrants, subpoenas, or grand juries would not likely lead to information on the conspiracy (see People v Rabb, 16 NY3d 145, 153; People v Gallina, 95 AD2d 336, 340; People v Versace, 73 AD2d 304, 308). Furthermore, the defendant did not make a substantial showing that there were false statements in the detective's affidavits (see Franks v Delaware, 438 US 154, 155-156; People v Araujo, 101 AD3d 741, 741).
As to Indictment No. 2012-284, the defendant correctly contends that the record does not establish that he knowingly, intelligently, and voluntarily waived his right to appeal this [*2]judgment, as the Supreme Court did not ensure that the defendant understood the consequences of the appeal waiver (see People v Lopez, 6 NY3d 248, 256; People v Brown, 122 AD3d 133, 139-142, 144). However, the defendant's argument that the court did not sufficiently inform him of his right to dispute the use of his prior violent felony conviction to sentence him as a second felony and second violent felony offender in the present cases, is without merit. Since the statutory purposes for filing a predicate statement were satisfied, the court's substantial compliance with CPL 400.15 and 400.21 was sufficient (see People v Carmello, 114 AD2d 965, 965; People v Bryant, 47 AD2d 51, 63).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are either unpreserved for appellate review or without merit.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court